UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SHERIDAN L. BARNETT,                                                                                     Plaintiff,

v.                                                                          Civil Action No. 3:23-cv-376-DJH-CHL

JEFFERSON COUNTY PUBLIC SCHOOLS
et al.,                                                                                                Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This action arises from allegations that Defendants Jefferson County Public Schools (JCPS); Kentucky Department of Education (KDE); and Martin Pollio improperly handled disciplinary proceedings instituted against Plaintiff Sheridan L. Barnett, a JCPS elementary-school principal. (Docket No. 1-1, PageID.6–13 ¶¶ 9–61) Barnett sued Defendants in state court (*id.*, PageID.5), and they removed the case to this Court. (D.N. 1) KDE now moves to dismiss the claims against it based on sovereign immunity and failure to state a claim. (D.N. 4) After careful consideration, the Court will grant KDE's motion for the reasons explained below.

**I.**

While supervising student departures on August 18, 2022, Barnett discovered an unsupervised kindergartener playing on the playground after school hours, but she did not report the incident to "Child Protective Services."[1] (D.N. 1-1, PageID.6–8 ¶¶ 9–29) When her supervisor learned of the incident and the failure to report, a hearing was held, and JCPS suspended Barnett. (*Id.*, PageID.8 ¶¶ 25–36) "Barnett [subsequently] attempted to invoke her right to an

---

[1] Presumably, Barnett is referring to the Child Protection Branch of the Kentucky Cabinet for Health and Family Services. *See e.g.,* Ky. Rev. Stat. § 620.030(2)(a). The parties do not dispute the identity of the agency.

1

administrative review pursuant to [Ky. Rev. Stat. §] 161.790," but KDE denied the appeal. (*Id.*, PageID.11 ¶ 48–49)  She then sued Defendants in Jefferson Circuit Court, specifically alleging that KDE violated § 161.790 (Count II) and Section 2 of Kentucky's Constitution (Count III). (*Id.*, PageID.14–15 ¶¶ 67–81)  Defendants removed the case to this Court (D.N. 1), and KDE now moves to dismiss, asserting sovereign immunity and failure to state a claim. (D.N. 4, PageID.50–51)  Because the Court agrees that sovereign immunity forecloses Barnett's claims against KDE, it need not address the Rule 12(b)(6) arguments.

## II.

"The sovereign immunity guaranteed by th[e Eleventh] Amendment deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity."  *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)).  "Kentucky has not waived its immunity."  *Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004) (citing *Whittington v. Milby*, 928 F.2d 188, 193–94 (6th Cir. 1991)). Kentucky's agencies likewise benefit from this immunity, *J.B.F. v. Ky. Dep't of Educ.*, No. 5:15-CV-33-REW, 2016 WL 3167546, at *5 (E.D. Ky. June 3, 2016) (quoting *Whittington*, 928 F.2d at 193) (citing *Ferritto v. Ohio Dep't of Highway Safety*, 928 F.2d 404, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) (per curiam)), which "applies regardless of the nature of the relief sought." *Ferritto*, 1991 WL 37824, at *2 (quoting *Pennhurst*, 465 U.S. at 100).

Here, Barnett asserts state-law claims against KDE. (D.N. 1-1, PageID.14–15 ¶¶ 67–81) "KDE is obviously a state agency."  *J.B.F.*, 2016 WL 3167546, at *6 (citing Ky. Rev. Stat. §§ 156.029(7), 156.010, 156.035).  In fact, Kentucky's legislature "explicitly called the KDE

2

a 'state agency.'" *Id.* (quoting § 156.010(5)). Barnett nevertheless maintains that KDE cannot invoke sovereign immunity. (*See* D.N. 8, PageID.73–74)

Barnett first contends that because she "seeks declaratory or prospective injunctive relief," sovereign immunity is inapplicable to her claims against KDE. (*Id.* (citing D.N. 1-1, PageID.18 ¶ 103)) But as stated above, sovereign immunity "applies regardless of the nature of the relief sought." *Ferritto*, 1991 WL 37824, at *2 (quoting *Pennhurst*, 465 U.S. at 100). Barnett cites *Ex parte Young*, 209 U.S. 123 (1908), for support (D.N. 8, PageID.71), but the exception to sovereign immunity outlined in that case only applies to suits against "state officials," not state agencies. *See T.M. ex rel H.C. v. DeWine*, 49 F.4th 1082, 1088 (6th Cir. 2022) (citing *Young*, 209 U.S. at 159); *Russell*, 784 F.3d at 1046–47 (discussing the exception). Accordingly, this argument lacks merit. *See T.M.*, 49 F.4th at 1088.

Barnett also implies that KDE waived its sovereign immunity by "consent[ing] to removal" from Jefferson Circuit Court. (D.N. 8, PageID.74 (citing D.N. 1, PageID.2 ¶ 5)) The U.S. Supreme Court held that a party can waive a state's "sovereign immunity from state law claims by voluntarily removing [the] case against [it] to federal court." *Agrawal v. Montemagno*, 574 F. App'x 570, 573 (6th Cir. 2014) (citing *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002)). But the Sixth Circuit since clarified that "*Lapides* is limited to state law claims for which the state has waived or abrogated its immunity from damages claims in the state trial courts." *Id.* (collecting cases). And "the Kentucky General Assembly expressly disclaimed any immunity waiver as to . . . KDE." *J.B.F.*, 2016 WL 3167546, at *6 (citing § 156.035(3)(c)). Consequently, the "removal from state court [here] does not constitute a waiver of sovereign immunity on the state-law . . . claim[s] against [KDE]." *See Agrawal*, 574 F. App'x at 573.

3

Lastly, Barnett cites *Hammond v. Little*, No. 2016-CA-707-MR, 2018 WL 1357485, at *5 (Ky. Ct. App. Feb. 23, 2018), arguing that Kentucky waived its sovereign immunity through § 161.790. (D.N. 8, PageID.75) This contention, however, ignores that Kentucky's legislature "expressly disclaimed any immunity waiver as to . . . KDE" in § 156.035(3)(c). *J.B.F.*, 2016 WL 3167546, at *6. Moreover, Barnett misreads *Hammond*—there, the court emphasized that § 161.790 *lacked* language constituting a waiver of sovereign immunity. 2018 WL 1357485, at *5 (quoting *Commonwealth v. Halcomb*, 2002-CA-1308-MR, 2004 WL 1532171, at *7 n.21 (Ky. Ct. App. July 9, 2004)). Thus, Barnett's final argument fails, *see id.*; *cf.* § 156.035(3)(c), and "KDE . . . [is] entitled to [sovereign] immunity from [her] state-law claims." *J.B.F.*, 2016 WL 3167546, at *8. The Court will therefore grant KDE's motion to dismiss.

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    KDE's motion to dismiss (D.N. 4) is **GRANTED**. Barnett's claims against KDE are **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to terminate Kentucky Department of Education as a defendant in the record of this matter.

(2)    The Court **REQUESTS** that Magistrate Judge Lindsay (*see* D.N. 6) hold a status conference within thirty days of entry of this Memorandum Opinion and Order.

March 25, 2024

David J. Hale, Judge
United States District Court